**John E. WELLS, Sr., Plaintiff–Appellant,**

v.

**JEFFERSON COUNTY SHERIFF DEPARTMENT; Fred J. Abdalla, Sheriff, Defendants–Appellees.**

No. 01–3575.

United States Court of Appeals, Sixth Circuit.

April 25, 2002.

Before MARTIN, Chief Judge; COLE, Circuit Judge; and SHARP, District Judge.*

*ORDER*

John E. Wells, Sr., appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon

---

* The Honorable G. Kendall Sharp, United States District Judge for the Middle District of Florida, sitting by designation.

examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Wells filed his complaint on December 20, 1999, alleging that the defendants had violated his rights in 1997, while he was incarcerated in an Ohio county jail. He primarily alleged that the defendants had not protected him from the other inmates and that he had not received adequate medical care when his nose was broken by an inmate on December 17, 1997. The district court awarded summary judgment to the defendants on March 28, 2001, because the applicable statute of limitations barred most of Wells's claims and because his remaining claims did not rise to the level of a viable Eighth Amendment violation. It is from this judgment that he now appeals.

We review an award of summary judgment *de novo. Copeland v. Machulis,* 57 F.3d 476, 478 (6th Cir.1995). Summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

■ A two-year limitations period applies to Wells's civil rights case. *See Friedman v. Estate of Presser,* 929 F.2d 1151, 1158–59 (6th Cir.1991). A civil rights claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of his action. *Id.* at 1159. The complaint indicates that Wells's claims regarding the defendants' alleged failure to protect him and to provide adequate medical care accrued on or before December 17, 1997. Thus, the district court properly determined that these claims were barred by the applicable statute of limitations. *See id.*

Wells argues that his claims were timely insofar as they arose after December 20, 1997, and that the defendants had a continuing duty to protect him and to provide

him with medical care until he was transferred to another institution on December 31, 1997. However, Wells admitted that he was not physically assaulted after December 17, 1997. Moreover, the defendants protected Wells by placing his assailant in segregation and by moving Wells to a holding cell away from the other inmates. The record also shows that Wells was examined by a nurse after he was assaulted, that the nurse disagreed with his self-diagnosis of a broken nose, and that the defendants relied on her evaluation regarding his medical needs. Thus, Wells has not raised a viable Eighth Amendment claim because he has not shown that the defendants were deliberately indifferent to his safety or his serious medical needs. *See Sanderfer v. Nichols,* 62 F.3d 151, 154–55 (6th Cir.1995).

■ Wells also alleged that the holding cell was cold and that he had to sleep on a mattress on the floor, when he was housed there from December 24 through December 31, 1997. He also asserts that the cell was sprayed with insecticides on a regular basis. Wells now states that he did not intend to raise these allegations as a separate claim. Nevertheless, we note that his alleged exposure to these conditions for a period of six days does not rise to the level of a constitutional violation. *See generally Walker v. Mintzes,* 771 F.2d 920, 925–26 (6th Cir.1985).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.